THIS DISPOSITION IS  CITABLE
AS PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Greenbaum

Mailed:  March 17, 2006

Opposition No. 91162008

Grand Canyon West Ranch, LLC

v.

Hualapai Tribe

Before Seeherman, Walters and Kuhlke, Administrative
Trademark Judges.

By the Board:

Applicant seeks to register the mark GRAND CANYON WEST
for "airport services; air transportation services;
arranging for recreational travel tours and providing
related transportation of passengers by air, boat, raft,
rail, tram, bus, motorized on-road and off-road vehicles,
non-motorized vehicles featuring bicycles, and domestic
animals," claiming February 14, 1988 as the date of first
use of the mark anywhere and in commerce.[1]  Opposer opposes
registration on the grounds that applicant did not use the
mark on all of the identified services as of the filing date
of the application, and that the proposed mark, when applied

---

[1] Application Serial No. 76484111, filed January 23, 2003.

to the identified services, is merely descriptive, and has not acquired distinctiveness.

In its answer, applicant denied the salient allegations of the notice of opposition. Applicant also asserted several affirmative defenses, none of which is now at issue.

This case now comes up on applicant's motion (filed June 7, 2005) to amend the recitation of services to delete the reference to "rail, tram, non-motorized vehicles featuring bicycles, and domestic animals," and to clarify that the mark was first used in connection with "air transportation services" on February 14, 1988; and on opposer's motion (filed June 27, 2005) for partial summary judgment on the basis that the application is void ab initio because applicant did not use the applied-for mark in connection with transportation of passengers by rail, tram, bicycle and domesticated animals at the time it filed the application. The parties have fully briefed the motions, and we have considered both reply briefs. See Trademark Rule 2.127(a).

Opposer's position is that, if applicant did not use its mark on certain of its identified services prior to the filing date of the application, the application as a whole must fail. On the other hand, applicant's implicit position is that, if the mark was not used on some of its identified services, applicant can cure this error by amending its

application to delete those services in connection with which the mark had not been used.

The case law is clear that holding an application to be void is an appropriate remedy when the pleaded ground either is fraud,[2] or that the applicant has not used the applied-for mark on any of the goods or services identified in the application prior to the filing of the application.[3] However, notwithstanding opposer's liberal use of the term "fraud" and its reliance on fraud cases in its summary judgment motion, we note that opposer has not pleaded fraud as a ground for opposition. Moreover, in its summary judgment reply brief, opposer affirmatively states that it does not seek summary judgment on this issue. Thus, the question before us is whether a use-based application must be held to be void in its entirety, in the absence of a fraud claim, if an applicant did not use the mark on all of the identified goods or services before filing the application. For the reasons discussed below, we hold that as long as the mark was used on some of the identified goods or services as of the filing of the application, the application is not void in its entirety.

---

[2] Medinol Ltd. v. Neuro Vasx Inc., 67 USPQ2d 1205 (TTAB 2003).
[3] Laboratories du Dr. N.G. Payot Estalissement v. Southwestern Classics Collection Ltd., 3 USPQ2d 1600 (TTAB 1987); and CPC International Inc. v. Skippy Inc., 3 USPQ2d 1456, 1460 (TTAB 1987).

There are obvious distinctions between a claim of fraud and a claim of nonuse of a mark for certain of the goods or services identified in the application. A defendant commits fraud by knowingly making false statements as to a material fact in conjunction with a trademark application or registration. Mister Leonard Inc. v. Jacques Leonard Couture Inc., 23 USPQ2d 1063, 1065 (TTAB 1992). Moreover, an allegation of fraud must be proven "to the hilt" with clear and convincing evidence. Smith International, Inc. v. Olin Corporation, 209 USPQ 1033, 1043-44 (TTAB 1981). In contrast, a defendant's intent is not an element of a claim that a mark was not used on certain of the identified goods or services, nor is an enhanced standard of proof required.

In prior decisions, the Board has made a distinction in the remedies for fraud and for nonuse on some, but not all, of the identified goods and/or services. For example, in Rogers Corp. v. Fields Plastics & Chemicals, Inc., 176 USPQ 280 (TTAB 1972), aff'd, 181 USPQ 169 (CCPA 1974), in which, inter alia, the opposer alleged fraud because "applicant has never used the mark on some of the goods listed in the application," the Board found that the applicant had not committed fraud even though the identification of goods included some proposed, rather than actual, uses of the mark; instead, the Board determined that the applicant should be required to limit its identification of goods to

4

those goods on which there had been use as of the filing date of the application.  Similarly, in Medinol v. Neuro Vasx, supra, at 1208 n.9, in which the Board found fraud, the Board stated that, if the finding of fraud were overturned, the registration would have to be amended to delete the goods for which the mark had not been used, thus indicating that, in the absence of fraud, the registration would survive.

Nor is it appropriate to treat applicant's nonuse of its mark on some of the identified services in the same manner in which we would treat an applicant's complete failure to make use of its mark before filing the application on any of its identified services.  It is clear that an applicant cannot obtain a registration under Section 1 of the Trademark Act for goods or services upon which it has not used the mark.  15 U.S.C. § 1051.  Prior to the Trademark Law Revision Act of 1988 (TLRA), Public Law 100-667, 102 Stat. 3935, which permitted applications to be filed on the basis of an applicant's bona fide intention to use the mark in commerce (see Section 1(b) of the Trademark Act), an application would be deemed void ab initio if the applicant had made no use of the mark in commerce.  See, e.g., Intermed Communications, Inc. v. Chaney, 197 USPQ 501 (TTAB 1977).  Even at that time, however, an application was not deemed void ab initio if the applicant had made use on

5

some, but not all, of the goods or services.  See, e.g., Rogers v. Fields Plastics & Chemicals, supra.

Because there is a clear distinction between the situations in which an applicant has committed fraud, or has not used the mark on any of the goods or services identified in its application, and the present situation, in which opposer claims only that applicant did not use its mark in connection with some of the services identified in its application as of the filing of the application, we believe that the remedy for the two former claims is inappropriate in the present situation.

Moreover, changes in the Trademark Statute provide a policy justification for our position that an application should not be treated as void as long as the mark was used on some of the identified goods or services at the time the application was filed.  Effective October 30, 1999, an applicant who files under Section 1(a) of the Trademark Act may seek to amend its application to substitute Section 1(b) as its filing basis and maintain its original filing date. See Trademark Law Treaty Implementation Act of 1998 (TLTIA), Pub. L. No. 105-330, 112 Stat. 3064.  In Leeds Technologies Ltd. v. Topaz Communications Ltd., 65 USPQ2d 1303 (TTAB 2002), the Board extended the rationale behind the TLTIA amendment to Board proceedings to permit post-publication amendments to the filing basis of an application.

Therefore, in the absence of a fraud claim, an applicant who bases its application on Section 1(a) (use in commerce) but who did not use the mark on some or all of the goods or services identified in the application may "cure" this problem by amending its basis to Section 1(b) (intent to use).[4]

Applicant has filed a motion to amend its application to delete the services for which opposer claims applicant did not use the mark as of the filing of the application. In so doing, applicant has essentially agreed to accept judgment with respect to those services. In view of the nature of opposer's allegations, and the foregoing discussion, we find that applicant's proposed amendment is appropriate. Accordingly, applicant's motion to amend is granted.[5]

Applicant's recitation of services is changed **from**: "airport services; air transportation services; arranging for recreational travel tours and providing related transportation of passengers by air, boat, raft, rail, tram, bus, motorized on-road and off-road vehicles, non-motorized

---

[4] We note that applicant has not filed a motion to amend the filing basis.
[5] The deletion of these services from the application does not preclude opposer from moving to amend its notice of opposition to assert a ground of fraud based on the initial inclusion of these services in the application, assuming, of course, that opposer has a good faith belief that such a ground is warranted. Medinol v. Neuro Vasx, supra, at 1208 ("deletion of the goods upon which the mark has not yet been used does not remedy an alleged fraud upon the Office").

vehicles featuring bicycles, and domestic animals," **to**:

"airport services; air transportation services; arranging for recreational travel tours and providing related transportation of passengers by air, boat, raft, bus, and motorized on-road and off-road vehicles." In addition, applicant's date of first use remains February 14, 1988; applicant's motion to clarify that this date applies to its air transportation services is granted.

Opposer's motion for summary judgment is granted only to the extent that judgment is entered against applicant on the ground that applicant did not make use of its mark in connection with the following services: providing transportation of passengers related to recreational travel tours by means of rail, tram, non-motorized vehicles featuring bicycles, and domestic animals. The motion for summary judgment is otherwise denied.

Proceedings are resumed. Discovery remains closed, and trial dates are reset as follows:

DISCOVERY PERIOD TO CLOSE:                                        **CLOSED**

Thirty-day testimony period for party in position of plaintiff to close:     **June 15, 2006**


Thirty-day testimony period for party in position of defendant to close:  **August 14, 2006**


Fifteen-day rebuttal testimony period to close:                          **September 28, 2006**


In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.